UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNIPLEX CONSTRUCTION, LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>KINSALE INSURANCE COMPANY; a foreign corporation,<br><br>Defendant. | No. 2:21-cv-01050<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C.§1441(a)** |

TO: The Clerk of the Court;

AND TO: Plaintiffs, and their counsel of record.

Please take notice that Defendant Kinsale Insurance Company (Kinsale) hereby removes to this Court the state court action described below:

## I. THE SUBJECT ACTION

1. On July 8, 2021, Uniplex Construction, LLC ("Plaintiff") filed an action in the Superior Court of the State of Washington in and for the County of King, which was assigned Case No. 21-2-08896-8 SEA (hereinafter, the "State Lawsuit").

2. On July 14, 2021, Plaintiff provided Kinsale with a courtesy copy of the complaint filed in the State Lawsuit. This was Kinsale's first notice of the State Lawsuit. The State Lawsuit was served on Kinsale by and through service on the Washington State Office of the Insurance



LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

Commissioner (OIC) that same day. A true and correct copy of the OIC service sheet is filed concurrently with this Notice.

## II. DIVERSITY OF CITIZENSHIP

2. In the Amended Complaint, Plaintiff alleges that it is a Washington Limited Liability Company with its principal place of business in King County, Washington.

3. Kinsale is a foreign eligible surplus lines insurer organized under the laws of the state of Arkansas and with its primary place of business in the state of Virginia.

## III. AMOUNT IN CONTROVERSY

4. This matter is an insurance coverage dispute where Uniplex alleges that Kinsale breached its contract, violated the Washington Consumer Protection Act, violated the Insurance Fair Conduct Act (IFCA), and was negligent. Plaintiff also seeks fees and costs pursuant to the *Olympic Steamship* doctrine. Plaintiff further asserts that Kinsale acted in bad faith and seeks declaratory judgment with respect to the rights and liabilities of the parties under an insurance policy Kinsale issued to Plaintiff.

5. The Kinsale policy, No. 0100069278-2, was in effect between July 1, 2020 through July 1, 2021 (the "Policy"). The Policy includes a $1,000,000 each occurrence limit, $2,000,000 general aggregate limit and a $2,000,000 products/completed operations aggregate limit.

6. Plaintiff alleges that in late 2020, it tendered a claim to Kinsale for defense and indemnity from claims against Plaintiff by Laura Koutsky and Fred Forster. Plaintiff alleges, and Kinsale denies, that Kinsale improperly denied the pre-suit claim.

7. On June 11, 2021, Laura Koutsky and Fred Forster ("collectively referred to as "Underlying Plaintiffs") filed a suit against Plaintiff in the Superior Court of the State of Washington in and for the County of King, which was assigned Case No. 21-2-07737-1 SEA



LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

("Underlying Lawsuit"). **Ex. 1** to The Declaration of Alex Wohlford ("Wohlford Decl.") The Underlying Lawsuit was premised upon Uniplex's failure to perform a major deck remodel according to the terms of the construction contract between Uniplex and Underlying Plaintiffs. The contract price was for $179, 926.86. **Ex. 2, Page 1** to Wohlford Decl. Underlying Plaintiffs brought claims against Uniplex including Breach of Contract, Breach of Warranty and Violations of the Consumer Protection Act, including fees and costs. **Ex. 1, Pages 11-14** to Wohlford Decl. Furthermore, Underlying Plaintiffs request treble damages of up to $25,000 for each violation of the Consumer Protection Act and seek to recover on two $12,000 contractor's bonds. **Ex. 1** to Wohlford Decl.

8. Upon notice of the Underlying Lawsuit, Kinsale accepted the tender of defense pursuant to a reservation of rights and has been defending Plaintiff.

9. By tendering the claim and Underlying Lawsuit to Kinsale, Plaintiff is seeking defense and indemnity for claims against it in the Underlying Lawsuit.

10. Plaintiff's claim for violations of the CPA carry a maximum civil penalty of $25,000.

11. Plaintiff's clam for alleged violation of IFCA could result in trebling of actual damages.

12. The amount in controversy requirement may be satisfied by a claim for indemnification for the claims made against Uniplex in the Underlying Lawsuit, claims for contractual damages, negligent claims handling, loss of consortium, and violation of the CPA and IFCA. Furthermore, Plaintiffs seek treble damages under IFCA. *See, e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001); *Galt v. Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In addition, the Washington



LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

State Supreme Court has made clear that an insured may recover attorneys' fees in a coverage dispute with an insurer. *See, e.g., Leingang v. Pierce Cnty. Medical Bureau, Inc.*, 131 Wn.2d. 133, 146-47, 930 P.2d 288, 295-56 (1997). Fees claimed in this matter will more likely than not exceed $75,000.

13. Kinsale disagrees with any allegation that there is a valid IFCA claim, or that Plaintiff has complied with the requirements to bring a valid IFCA claim. However, based on the IFCA allegation, the claims at issue here clearly meet the jurisdictional requirements as set forth in further detail below.

14. The jurisdictional minimum may also be satisfied by claims of general and unspecific damages by attorney's fees, and by punitive damages. *See, e.g*., *Kroske,* 432 F.3d at 980 (9th Cir. 2005); *Gibson,* 261 F.3d at 946; *Galt,* 142 F.3d at 1155-56. In addition, the court may consider facts contained in the removal petition to determine whether the amount in controversy requirement has been met where an unspecified amount of damages is alleged. *Kroske,* 432 F.3d at 980 (citing *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

15. Here, Plaintiff is ultimately seeking indemnification for damages claimed against it in the Underlying Lawsuit. The Underlying Lawsuit effectively alleges that the $179,926.86 deck that Plaintiff built was defective and improperly built. In addition, the Underlying Lawsuit seeks at least $49,000 in recovery from Plaintiff's contractors' bonds and for CPA violations.

16. Therefore, the claims against Plaintiff in the Underlying Lawsuit seek in excess of $200,000 for which Plaintiff seeks to have Kinsale indemnify it. In addition, Plaintiff seeks up to $25,000 for alleged CPA violations, fees of at least $75,000, and has asserted an IFCA claim requesting trebling of actual damages. In light of these claims, there can be no dispute that the



LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

amount in controversy in this matter is in excess of the $75,000 jurisdictional limitation.

## IV. JURISDICTION

17. For purposes of determining jurisdiction under 28 U.S.C. § 1332, Kinsale is a citizen of Arkansas. Plaintiff is a citizen of Washington. As such, diversity is complete.

18. The amount in controversy exceeds $75,000, excluding interest and costs.

19. This Court, therefore, has jurisdiction over this controversy under 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

## V. TIMELINESS

20. Kinsale was notified of this lawsuit on July 14, 2021. The State Lawsuit was filed on July 8, 2021. This Notice of Removal, filed on August 6, 2021, is timely under 28 U.S.C. § 1446.

## VI. COPIES OF PROCESS, PLEADINGS, ORDERS, AND MOTIONS IN STATE COURT PROCEEDINGS

21. In accordance with 28 U.S.C. § 1446, attached to Notice of Removal as **Exhibit A** through **Exhibit F** are true and correct copies of all process, pleadings, and orders filed in the action before the Superior Court of King County in the State of Washington. These documents are:

A. Complaint;

B. Case Information Cover Sheet;

C. Order Setting Case Schedule;

D. Summons;

E. Amended Complaint;

F. Notice of Appearance

22. Notice of this removal will be filed with the Clerk of the King County Superior Court and will be given to all other parties, in accordance with 28 U.S.C. § 1446.



LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

DATED this 6th day of August, 2021.

LETHER LAW GROUP

*/s/ Thomas Lether*
Thomas Lether, WSBA No. 18089
Eric J. Neal, WSBA No. 31863
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com
eneal@letherlaw.com
*Counsel for Kinsale Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under the penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing on the parties mentioned below as indicated:

Richard T. Beal
Ashbaugh Beal
701 Fifth Ave, Suite 4400
Seattle, WA 98104
rbeal@ashbaughbeal.com
*Counsel for Uniplex Construction, LLC*

**By:** ☒ **First Class Mail** ☒ **E-mail/e-service**

Dated this August 6, 2021 at Seattle, Washington.

*s/ Nico Schulz*___________
Nico Schulz | Paralegal



LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544