# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| UNIPLEX CONSTRUCTION, LLC, a Washington Limited Liability Company, | NO. |
| Plaintiff, | COMPLAINT |
| v. | |
| KINSALE INSURANCE COMPANY; a foreign corporation, | |
| Defendant. | |

## I.   PARTIES

1.      Plaintiff Uniplex Construction, LLC ("Uniplex") is a Washington Limited Liability Company, which at all relevant times hereto is and has been a citizen of the state of Washington, maintaining its principal place of business in King County.

2.      Defendant Kinsale Insurance Company ("Kinsale") is not a citizen of the State of Washington, and is believed to maintain home offices at 2035 Maywill Street, Suite 100 Richmond, VA 23230. It was incorporated in Arkansas. Kinsale does business in the state of Washington, and more specifically, in King County, insuring risks there, and conducting transactions there, as defined in RCW 48.01.020 and 48.01.060. The amount in dispute, exclusive of attorney's fees and costs, may or may not exceed $75,000, depending upon events which may occur in connection with the prosecution and defense of the Underlying Claims as more fully described herein.

COMPLAINT - 1

Ashbaugh Beal
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

## II.   JURISDICTION AND VENUE

3.      Kinsale insured plaintiff pursuant to a contract of liability insurance. The policy was issued to plaintiff in King County, and the underlying claim and suit which gives rise to this dispute also took place in King County. At all pertinent times hereto, Kinsale did business in King County and is subject to suit here.

## III.   FACTUAL ALLEGATIONS

4.      Uniplex entered into a contract with homeowners Laura Koutsky and Fred Forster ("Underlying Claimants") for residential construction at their residence in Seattle. The underlying claimants submitted a claim for damages allegedly arising out of the construction, relating to, among other allegations, damage to or arising out of subcontractor work after the work had been put to its intended use.

5.      In late 2020, Uniplex submitted the claims of the Underlying Claimants to Kinsale, and Kinsale has reported receiving the claims on December 3, 2020.

6.      On February 3, 2021, Kinsale wrote to Uniplex, advising it that "Kinsale must decline to participate in the investigation and defense of Uniplex with respect to this matter," and that the Kinsale policy "affords no coverage for this claim."

7.      The February 3, 2021 letter constituted a breach of Kinsale's policy obligations.

8.      Kinsale's February 3, 2021 declination of the duty to investigate violated Kinsale's obligations under WAC 284-30-320(11), 284-30-330(4) and 284-30-370. Kinsale's declination of its obligation to investigate also violated its duty of good faith investigation under *Coventry Associates v. American States,* 136 Wash.2d 269 (1998).

9.      Kinsale's February 3, 2021 declination of its duty to investigate gave rise to a presumption of harm. At all times before and/or subsequent to February 3, 2021, Kinsale

COMPLAINT - 2

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1    deliberately failed to investigate potential liability of Uniplex to the Underlying claimants,

2    and failed to investigate the defenses Uniplex has to those claims.

3          10.     Kinsale deliberately failed to investigate or evaluate the merits of the claims

4    of the Underlying Claimants against Uniplex before or after February 3, 2021 through the

5    filing of a lawsuit by the claimants against Uniplex. By deliberately and unreasonably

6    declining its duty to investigate and evaluate the claims of the Underlying claimants, Kinsale

7    deliberately violated its good faith duty to determine whether the underlying claimants were

8    likely to prevail on any portion of their claims, and if so, to discharge their duty of pre-suit

9    negotiations with the Underlying Claimants pursuant to *Moratti v. Farmers,* 162 Wash.App.

10   495 (2011).

11         11.     Kinsale's February 3, 2021 coverage declination was unreasonable within the

12   meaning of RCW 48.30.015, which is legally regarded as a part of Kinsale's policy.

13         12.     By its February 3, 2021 letter, Kinsale unreasonably and prematurely declined

14   the duty to defend before any complaint was filed. This was unreasonable because

15   Washington measures the duty to defend from the four corners of the policy and the

16   complaint. While Kinsale had the policy, Kinsale did not have the complaint. Kinsale

17   declined any duty to defend based on speculation that any eventual complaint would not

18   trigger a duty to defend. The denial of coverage, whether of any eventual defense obligation

19   or of indemnity without having conducted or completed a reasonable investigation

20   constitutes a per se unfair and deceptive trade practice under WAC 284-30-330(4).

21         13.     By its February 3, 2021 letter, Kinsale unreasonably and prematurely declined

22   the duty to indemnify before any such duty could be known, and before the factual basis for

23   any such liability had been fully investigated. As of February 3, 2021, Kinsale was on notice

24

COMPLAINT - 3

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1  that the Underlying Claimants claimed damage to, and/or arising out of, subcontractor work

2  after such work had been put to its intended use. As such, Kinsale was on notice that the

3  Underlying Claimants had asserted a claim of accidental physical injury to tangible property

4  that was not excluded by any exclusion in the policy.

5          14.     On or about June 11, 2021, the Underlying Claimants filed suit against

6  Uniplex its bond, and its surety.

7          15.     Kinsale received a copy of the suit shortly thereafter.

8          16.     At no time subsequent to Kinsale's receipt of the lawsuit has Kinsale with-

9  drawn its February 3, 2021 letter.

10         17.     At no time subsequent to its receipt of the underlying suit has Kinsale sent any

11  evaluation of the merits or lack of merits of the underlying claims to Uniplex. This failure is

12  a proximate result of its refusal to conduct an investigation into the claims Kinsale addressed

13  and for which it improperly denied coverage in its February 3, 2021 letter. Kinsale's refusal

14  to investigate after February 3, 2021 has further harmed Uniplex in that Uniplex has been

15  placed at a tactical disadvantage in the defense of the claims of the Underlying Claimants

16  without (1) the **investigation** Kinsale was required to make, (2) the **evaluation** of the merits

17  or lack of merits of the underlying claims, and/or (3) Kinsale's **failure to communicate** its

18  investigation and evaluation of the claims of the Underlying Claimants to Uniplex. As a

19  result of Kinsale's unreasonable actions and resulting harm, Kinsale is estopped to deny

20  either its defense obligation, an ongoing duty to investigate, or its duty to indemnify Uniplex

21  from any award or judgment in favor of the Underlying Claimants. Kinsale is likewise

22  estopped from relying on any coverage defenses upon which it might attempt to assert. The

23  harm is exacerbated by the fact that the Underlying Claimants assert a right to recover their

24

COMPLAINT - 4

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1  attorney's fees in the underlying action, yet Uniplex lacks an evaluation from Kinsale based

2  on the full and complete investigation to which Uniplex was entitled, but which was wrongly

3  refused as a result of Kinsale's February 3, 2021 letter.

4      18.   Due to its material and unreasonable breaches of its policy obligations and

5  regulatory obligations to investigate, evaluate and communicate its investigation and

6  evaluation to Uniplex, Kinsale is not legally entitled to force Uniplex to comply with policy

7  conditions, including but not limited to its assertion of its right to appoint counsel to defend

8  claims for which it has previously denied coverage, and for which it has made the deliberate

9  decision not to retract.

10     19.   It is a cornerstone of insurance industry best practices for good faith claim

11  handling that an insurer "never" place its own interests above those of its insured. Kinsale did

12  just that by twice attempting to compel Uniplex to allow Kinsale to appoint counsel of

13  Kinsale's own choice, in lieu of agreeing to the appointment of Kinsale panel counsel Marnie

14  Silver. Kinsale violated this best practice by its February 3, 2021 refusal to continue to

15  investigate the merit or lack of merits of the claims of the Underlying Claimants. Kinsale also

16  violated this best practice by refusing to withdraw its wrongful February 3, 2021 refusal to

17  further investigate and its declination of coverage.

18     20.   On or about June 30, 2021, Uniplex caused its legal representative to send

19  notice to Kinsale pursuant to RCW 48.30.015 (8). Kinsale has not acknowledged that letter.

20  The contents of that letter are incorporated herein as though fully set forth herein.

21     21.   Uniplex has suffered harm as a result of the conduct described herein and

22  has/will continue to suffer monetary damages in an amount to be proven at trial.

23

24

COMPLAINT - 5

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

**FIRST CAUSE OF ACTION---Breach of Contract**

22.     Uniplex realleges paragraphs 1-21 as though fully set forth herein.

23.     Kinsale's conduct as described in paragraphs 1-21 and in its IFCA notice dated June 30, 2021 constitutes an unreasonable and breach of Kinsale's insurance contract with Uniplex.

24.     As a result of this breach, Kinsale no longer has the right to insist on compliance by Uniplex of any policy condition, including but not limited to its policy language regarding appointment of counsel.

25.     Uniplex has been damaged in an amount to be proven at trial including but not limited to costs incurred in retaining a construction consultant, costs of participating in a contractually required mediation with the Underlying Claimants without having received Kinsale's investigation into the claims of the Underlying Claimants, and in having to defend the claims of the Underlying Claimant through counsel of its own choice.

**SECOND CAUSE OF ACTION---Declaratory Judgment**

26.     Uniplex realleges paragraphs 1-25 as though fully set forth herein.

27.     There is a clear and present dispute between Uniplex and Kinsale concerning the respective rights and obligations between the two, rising to the level of a justiciable controversy. Uniplex seeks a declaration of the respective rights and obligations of Uniplex and Kinsale under the insurance contract, and under statutes and regulations including RCW 48.01.030; WAC 2845-30-320(11); WAC 284-30-330(4); WAC 284-30-370; WAC 284-30-330(13); WAC 284-30-330(1) and specifically, whether or not Uniplex is legally bound to continue to comply with policy conditions notwithstanding the unreasonable and material breaches of Kinsale's statutory, regulatory and policy obligations pled herein.

COMPLAINT - 6

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1

**THIRD CAUSE OF ACTION---Violation of Washington Consumer Protection Act**

2      28.     Uniplex realleges paragraphs 1-27 as though fully set forth herein.

3      29.     Kinsale's acts and omissions were committed in the course of trade and

4   commerce toward plaintiff, constitute an insurance transaction within the meaning of RCW

5   48.01.020 and .060, and are subject to RCW Chapter 48 and RCW 19.86.

6      30.     Each of Kinsale's acts and omissions pled herein are per se unfair and

7   deceptive acts or practices or are otherwise prohibited pursuant to RCW 19.86.020 and/or

8   had the capacity to deceive plaintiff that defendant would act fairly, impartially, and in

9   compliance with the honesty and equity requirements of RCW 48.01.030.

10     31.     Each of the acts or omissions described herein impacts the public interest as

11   declared in RCW 48.01.030.

12     32.     The acts and omissions described herein have caused injury/damage to

13   plaintiff. Each act defined in WAC 284-30-320(11) that Kinsale failed or refused to conduct

14   and/or failed to disclose to the plaintiff, and or performed in a manner which put its own

15   interests ahead of those of Uniplex, has caused damage to plaintiff.

16     33.     Kinsale's violations of the Consumer Protection Act have damaged plaintiff in

17   an amount to be proved at trial.

18     34.     Each violation of the Consumer Protection Act by Kinsale is subject to

19   trebling up to the statutory limit.

20                    **FOURTH CAUSE OF ACTION---Negligence**

21     35.     Uniplex realleges paragraphs 1-34 as though fully set forth herein.

22     36.     The conduct of Kinsale as described herein constitutes a breach of the

23   standard of reasonable care applicable to insurers.

24

COMPLAINT - 7

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400

1    37.    As a proximate result of Kinsale's negligence, Uniplex has been damaged in

2  an amount to be proven at trial.

3                                   **RESERVATION**

4    38.    Uniplex has served the statutory notice required under RCW 48.30.015 (8).

5  Should Kinsale fail, within the statutorily allowed period, to resolve the basis of those claims,

6  including Uniplex's claim for treble damages under the statute, Uniplex reserves its right to

7  amend this complaint to assert a Cause of Action under Washington's Insurance Fair

8  Conduct Act.

9                          **IV.    PRAYER FOR RELIEF**

10    WHEREFORE, having set forth its complaint against defendants, plaintiff prays for

11  relief as follows:

12    1.    For monetary damages against Kinsale in an amount to be proved at trial,

13  including treble damages in the full amount allowed by statutes;

14    2.    For declaratory relief as specifically pled for above.

15    3.    For its attorneys' fees and other costs pursuant to *Olympic Steamship v.*

16  *Centennial Insurance*, *Panorama Village v. Allstate*, and other applicable statutory law,

17  common law, or recognized ground in equity;

18    4.    For relief which may be subsequently sought by amendment; and

19    5.    For such other and further relief as the court may deem just and equitable.

20    DATED: July 8, 2021.

21                              ASHBAUGH BEAL LLP

22                         By:   *s/ Richard T. Beal, Jr.*
                                 Richard T. Beal, Jr. WSBA #9203
23                               rbeal@ashbaughbeal.com
                                 *Attorneys for Plaintiff*

24

COMPLAINT - 8

**Ashbaugh Beal**
701 FIFTH AVE., SUITE 4400
SEATTLE, WA 98104
T. 206.386.5900  F. 206.344.7400