The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNIPLEX CONSTRUCTION, LLC, a Washington Limited Liability Company,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KINSALE INSURANCE COMPANY; a foreign corporation,<br><br>　　　　　　　　Defendant. | NO.  2:21-cv-01050 TSZ<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.     General Principles**

1.     An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.     As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further

the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.     ESI Format**

1.     The parties will produce ESI via native load files. Each document file shall be named with a unique number (DOC ID). The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

**C.     Form of Production for Databases**

1. To the extent a response to discovery requires production of ESI contained in a database, in lieu of producing the database, the parties shall meet and confer about a set of queries to generate a report in a usable and exportable electronic file (e.g., Excel or CSV format).  Upon review of the reports the requesting party may make reasonable requests for specific data from identified fields.

**D.     Hard Copy (Paper) Documents**

1.     If a party possesses hard copy documents responsive to any requests for production, the responding party will identify the physical location of the information and provide the requesting party the opportunity for an in-person review at a time and date agreed

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND ORDER - 2

LETHER LAW GROUP
1848 WESTLAKE AVENUE N,
SUITE 100
SEATTLE, WA 98109

upon. If the requesting party wishes to scan or copy the documents, then the requesting party will pay costs of scanning/copying.

**E.    Initial Production**

1. By November 3, 2021, the parties will each produce their initial document productions as follows:

a. Uniplex will produce non-privileged project file documents.

b. Kinsale will provide responses to Uniplex's 1st set of Interrogatories and non-privileged documents responsive to Uniplex's 1st set of Requests for Production.

**F.    ESI Disclosures**

Within 21 days of November 3, 2021, the parties agree to provide the following:

1. <u>Custodians.</u> Each party will provide five custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation and the type of information under the custodian's control.

2. <u>Non-Custodial Data Sources</u>. A list of non-custodial data sources (shared drives, servers), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (third-party email providers, cloud storage).

4. <u>Search Terms.</u> Parties will confer to reach an agreement on the use and amount of search terms, date ranges and queries, if necessary.

**G.    Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable

information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

**H.     Privilege**

1. The producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or accepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced within 14 days of production of documents.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 4

LETHER LAW GROUP
1848 WESTLAKE AVENUE N,
SUITE 100
SEATTLE, WA 98109

3. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5. Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

DATED: October 18, 2021.

| ASHBAUGH BEAL | LETHER LAW GROUP |
|---|---|
| By: *s/ James Grossman* <br> Richard T. Beal, Jr., WSBA #9203 <br> rbeal@ashbaughbeal.com <br> James Grossman, WSBA #55843 <br> jgrossman@ashbaughbeal.com <br> *Attorneys for Plaintiff* | By: *s/ Thomas Lether* <br> Thomas Lether, WSBA #18089 <br> tlether@letherlaw.com <br> Eric J. Neal, WSBA #31863 <br> eneal@letherlaw.com <br> *Attorneys for Defendant* |

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: October 20, 2021

_____
Thomas S. Zilly
United States District Judge